**In the Matter of Charles B. MILLS and Roberta Jane Mills, Debtors.**

**Bankruptcy No. 82–1389.**

**Adv. No. 82–2242.**

United States Bankruptcy Court, W.D. Pennsylvania.

Sept. 10, 1984.

M. David Halpern, Altoona, Pa., for defendant.

Daniel J. Ratchford, Hollidaysburg, Pa., for debtors.

### MEMORANDUM OPINION

GERALD K. GIBSON, Bankruptcy Judge.

The matter presently before the Court is a Complaint to Avoid Additional Lien on Real Estate Held to be Exempt Property, wherein Debtors allege as follows. Prior to the filing of their petition under Chapter

7 of the Bankruptcy Code, Debtors transferred their interest in certain real estate located at 533 W. 20th Street, Tyrone, Blair County, Pennsylvania to a Trustee for the benefit of their children. On Schedule B–4, Debtors claim an exemption of $15,000 in the aforementioned real estate. Debtors allege that at the time of filing, Central Counties Bank, defendant herein, was a judgment creditor who had attempted to revive the lien of their judgment against the present owners of the real estate located at the above address. Debtors allege that the attempted revival inhibits their rights under the Code to claim this property as exempt. Debtors further allege that the value of the property in question is less than the Debtor's statutory exemption. Debtors presently seek the avoidance of Defendant's lien pursuant to § 522(f).

In its answer, Defendant asserts that the Bankruptcy Court lacks jurisdiction over the subject matter in that the real estate in question was not a part of the Debtor's estate at the time the bankruptcy petition was filed. Defendant denies that the subject property can be claimed as exempt. Further, assuming arguendo that the exemption could be claimed, the value of the property exceeds the exemption as allowed by the Bankruptcy Code.

The facts are briefly as follows. On March 31, 1981 Debtors transferred by deed their interest in the property located at 533 W. 20th Street to Frieda M. Harris as Trustee for Tammala Mills and Carlos Mills, minor children of Debtors. On their Statement of Financial Affairs, Debtors indicate that the property was transferred pursuant to a property settlement agreement between husband and wife; and that at the time of filing, the wife resided in the home with her two minor children.

On April 16, 1982 Debtors filed a petition under Chapter 7 of the Bankruptcy Code. At that time, Defendant herein was a judgment creditor of husband and wife. Subsequent to the discharge of Debtors, Defendant filed a Praecipe for Writ of Revival of their judgment entered at No. 2554–1979 and had it indexed against Frieda M. Har-

ris, Trustee for Tammala Mills and Carlos Mills, terre-tenants. As indicated on Schedule B–4, Debtors claim as exempt the property in question located at 533 W. 20th Street, Tyrone, Pa.

In its brief, Defendant argues that since the property was transferred more than one year before filing, Section 548 of the Bankruptcy Code which allows the trustee to avoid certain transfers made within a year of filing, is inapplicable.

Defendant further argues that the subject real estate is not property of the estate and is therefore not subject to the exemption provisions of § 523.

Defendant finally argues that since the real estate was not owned by Debtors at the time of filing, nor otherwise subject to avoidance provisions of the Code, Debtors cannot challenge the writ of revival entered as against the terre-tenants.

The Court first examines § 522(d)(1) of the Bankruptcy Code which provides as follows:

(d) The following property may be exempted under subsection (b)(1) of this section:

(1) The debtor's aggregate interest, not to exceed $7,500 in value, in real property or personal property that the debtor or a dependent of a debtor uses as a residence ...

While § 522(d)(1) authorizes certain exemptions, it is fundamental that a debtor may only exempt "his" interest.

The estate created under § 541 is broad and all-encompassing, and includes all legal and equitable interests of the debtor in property, both tangible and intangible, including exempt property. 4 *Collier on Bankruptcy* § 541.07 at 541–28 (15th Ed.1984). Nonetheless, it is clear that in the case at bar, Debtors had no interest in the subject property at the time of filing. Even if the trustee had recovered the property pursuant to the fraudulent conveyance provisions of the Code, a debtor may not claim exemptions out of the recovered property if the transfer was voluntary. 3

*Collier on Bankruptcy* § 522.08 at 522–35 (15th Ed.1984).

Based upon the foregoing, the Court is satisfied that § 522(f) which allows the debtor to avoid a lien to the extent that it impairs debtor's exemption is inapplicable in the case at bar. Accordingly, Debtors' complaint is dismissed.

An appropriate order will be entered.